IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY WALKER, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ACAM TRANSPORT, INC. *et al.*, | : | |
| *Defendants* | : | No. 23-2569 |

**MEMORANDUM**

**MURPHY, J.**                                                                                                           June 28, 2024

This is a case of mistaken vehicle identity. But instead of two identical metallic mint green 1964 Buick Skylark convertibles — an error that even a seasoned expert could make — it was two red tractor trailers. One of those red tractor trailers struck Jeffrey Walker while he was in his employer's parking lot. The driver of the tractor trailer fled the scene of the accident. Believing that ACAM Transport operated the red tractor trailer and employed the driver, Mr. Walker sued ACAM Transport and the Jane Doe driver. Eventually, video footage established that Mr. Walker had been hit by a similar red tractor trailer owned instead by C.R. England. So Mr. Walker amended his complaint, but C.R. England resisted its late addition, arguing that the applicable statute of limitations had passed. We disagree because Mr. Walker diligently pursued his case, and C.R. England's late addition traces back to its own actions and subsequent inaction. Thus, the motion for summary judgment is denied.

**I.      Background**

Around March 21, 2021, Jeffrey Walker was operating his motor vehicle when he was exiting his employer's parking lot at approximately 6:15 in the morning. DI 17 ¶ 9. At that time, a Jane Doe driver operating a tractor trailer owned by her employer struck Mr. Walker's

1

vehicle. *Id.* The accident allegedly caused Mr. Walker to sustain "serious and permanent personal injury." *Id.* The Jane Doe driver then fled the scene of the accident without providing any information. DI 25 at 13-14.

Mr. Walker filed his complaint in the Court of Common Pleas of Philadelphia County on March 20, 2023 against the Jane Doe driver and ACAM Transport, Inc., who he believed to be the employer of the driver at the time of the crash. DI 1 ¶¶ 1-2; DI 1-2 ¶ 4. ACAM Transport removed this action to federal court in July 2023. DI 1. On February 8, 2024, Mr. Walker and ACAM Transport filed a "stipulation" to amend the complaint, though provided no reason for the amendment. DI 15. The Court granted the "stipulation" on February 9. DI 16. Mr. Walker filed his amended complaint on February 16, 2024, where he added C.R. England as a defendant and averred that the tractor trailer the Jane Doe driver operated was "owned by her employer Defendant Acam Transport, Inc. and/or C.R. England, Inc." DI 17 ¶ 9.

On April 26, 2024, Mr. Walker filed a letter in which he requested that ACAM Transport be dismissed without prejudice. DI 26. The Court then dismissed ACAM Transport without prejudice three days later. DI 27. At the same time, C.R. England filed the present motion for summary judgment on April 5, 2024, arguing that the statute of limitations had passed such that this case could not be brought against it. DI 23. Mr. Walker opposed the motion for summary judgment, and the Court heard oral argument on the present motion on June 18, 2024. DI 36.

**II.     Analysis**

A party is entitled to summary judgment if it shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for

summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "Inferences to be drawn from the underlying facts contained in the evidential sources must be viewed in the light most favorable to the party opposing the motion." *Peters Twp. Sch. Dist. v. Hartford Acc. & Indem. Co.*, 833 F.2d 32, 34 (3d Cir. 1987).

C.R. England argues that it is entitled to summary judgment where the statute of limitations has passed, and that the statute has not been tolled because of (1) the "discovery rule," (2) equitable tolling, (3) Mr. Walker not pleading a proper Jane Doe defendant, and (4) the "relation back" doctrine under Federal Rule of Civil Procedure 15(c). Mr. Walker argues that all four of these permit the claims against C.R. England to proceed. We take each in turn.

**A. The discovery rule does not apply.**

"The discovery rule is a judicially created device which tolls the running of the applicable statute of limitations until the point where the complaining party knows or reasonably should know that he has been injured and that his injury has been caused by another party's conduct." *Crouse v. Cyclops Indus.*, 745 A.2d 606, 611 (Pa. 2000). The discovery rule applies when "the right to institute suit" arises, but the plaintiff does not yet know she has been injured. *Id.*

Here, C.R. England argues that the "discovery rule" does not apply because Mr. Walker knew he was injured on March 21, 2021 and that he knew that his injuries stemmed from another's conduct on that same date because that is when he was struck by the Jane Doe driver. Mr. Walker disagrees, relying on then-Chief Justice Baer's concurrence in *Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237 (Pa. 2021).

In *Rice*, the court held that the discovery rule did not apply because the plaintiff had notice of "an actual known cause of significant harm." *Id.* at 116-17. Chief Justice Baer,

3

however, wrote separately "to reiterate [his] view that Pennsylvania would be better served by the adoption of a less-restrictive formulation of the discovery rule." *Id.* at 125 (Baer, C.J., concurring). Chief Justice Baer discussed adopting a less stringent discovery rule standard that would tie commencement of the statute of limitations to when the plaintiff "has actual or constructive knowledge, not of the harm, but of the cause of action associated with such harm[.]" *Id.* (quoting *Wilson v. El-Daief*, 964 A.2d 354, 371 (Pa. 2009) (Baer, J., concurring in part and dissenting in part)). Even if Chief Justice Baer's concurring opinion were binding, Mr. Walker knew that he was injured on March 21, 2021 and he knew that his injuries were caused by the collision with the Jane Doe driver. Thus, the discovery rule does not apply, and the Court finds that the statute of limitations began to run on March 21, 2021.

**B. Equitable tolling applies.**

Equitable tolling applies in one of three circumstances: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Schengrund v. Pa. State Univ.*, 705 F. Supp. 2d 425, 436 (M.D. Pa. 2009) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F. 3d 1380, 1387 (3d Cir. 1994)). If available, equitable tolling "can rescue a claim otherwise barred as untimely by a statute of limitations when a plaintiff has 'been preventing from filing in a timely manner due to sufficiently inequitable circumstances.'" *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (quoting *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999)). To actively mislead the plaintiff means that the defendant has engaged in conduct that "typically involves . . . making patently false representations to the plaintiff after it has committed the underlying substantive wrong."

*Menichino v. Citibank, N.A.*, No. 12-58, 2013 WL 3802451, at *8 (W.D. Pa. July 19, 2013) (citing *Oshiver*, 38 F.3d at 1389).

Here, at a minimum, there is a factual dispute over whether C.R. England actively misled Mr. Walker regarding its involvement in the motor vehicle accident between Mr. Walker and the Jane Doe driver. For example, the police report filed immediately after the accident described it as a hit and run. DI 23-7 at 3. At oral argument, counsel for C.R. England admitted that the driver that fled the scene was an employee of C.R. England. Oral Arg. Tr. 10:24-11:3. C.R. England's counsel then admitted that the company knew of the accident that very same day. *Id.* at 11:11-12:3. It is at least a fair inference — if not clear — that the Jane Doe driver, as an agent of C.R. England, actively misled Mr. Walker when (1) she immediately fled the scene of the accident, (2) she reported the accident that same day to C.R. England, and (3) C.R. England took no affirmative steps to alert Mr. Walker or his employer. That said, we appreciate that C.R. England was added late as a defendant in this matter, and it is only just beginning discovery. For that reason, C.R. England may revisit the issue in a later summary judgment motion if newly discovered facts genuinely warrant reconsideration.

    **C. The sufficiency of pleadings regarding the Jane Doe defendant has no bearing on the inclusion of C.R. England as a defendant or the statute of limitations.**

C.R. England next argues that Pennsylvania Rule of Civil Procedure 2005, prescribing the inclusion of a John Doe defendant in the original complaint, does not apply here to "save" the statute of limitations because, according to C.R. England, Mr. Walker did not properly plead a Jane Doe defendant. DI 23 ¶ 53.

Rule 2005 permits a plaintiff to designate an unknown defendant with the John or Jane Doe moniker provided that (1) the actual name is unknown to the plaintiff, (2) the designation is averred to be fictious, (3) a factual description is averred with sufficient particularity to identify

the defendant, and (4) the plaintiff avers it conducted a reasonable search to determine the Doe defendant's actual name.  231 Pa. Code § 2005(b) (2019).

Here, C.R. England's inclusion of this argument is inapposite.  Whether or not Mr. Walker properly pled the Jane Doe defendant in the original complaint has no bearing on whether Mr. Walker properly pled the Jane Doe defendant in the operative *amended* complaint.  Furthermore, how Mr. Walker pled the Jane Doe individual defendant has no effect on whether the statute of limitations applies to C.R. England the corporation.[1]  Thus, Mr. Walker's pleadings as to the Jane Doe defendant are irrelevant here.

### D. Amending the complaint to include C.R. England as a defendant relates back to the original complaint under Rule 15(c).

An amendment to a pleading relates back to the date of the original pleading if Rule 15(c)(1)(B) is satisfied and the newly added party (1) "received such notice of the action that it will not be prejudiced in defending on the merits" and (2) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C).  Under Rule 15(c)(1)(B), the amendment must "assert[] a claim or defense that arose out of the conduct, transaction or occurrence set out — or attempted to be set out — in the original pleading[.]"

Here, there is no doubt that the amendment asserts a claim arising out of the conduct set out in the original complaint because the amended complaint is based on the same motor vehicle accident outlined in the original complaint.  Furthermore, C.R. England knew or should have

---

[1] At this time, because the pleading of the Jane Doe driver is irrelevant for purposes of C.R. England's motion, we will not rule on whether Mr. Walker has adequately pled the inclusion of the Jane Doe driver.  Discovery will doubtless reveal the driver's name, leading Mr. Walker to seek leave to amend the complaint.  Should C.R. England then choose to challenge the party substitution, it must demonstrate that there are deficiencies in the operative *amended* complaint, not the original complaint filed in the Court of Common Pleas.

known that this action would have been brought against it. Again, as C.R. England's counsel admitted in oral argument, the C.R. England driver knew that she had struck Mr. Walker's car that day and then later reported the accident to the company. At that point, C.R. England knew or should have known that it would face a negligence action.

"Relation back" under Rule 15 also requires that the newly named defendant have "received such notice of the action that it will not be prejudiced in defending on the merits." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 545 (2010) (quoting Fed. R. Civ. P. 15(c)(1)(C)(i)). Notice need not be formal but rather requires that the party "has a reasonable expectation of being named a defendant after learning about the litigation through some *informal* means." *Browning v. Safmarine, Inc.*, 287 F.R.D. 288, 290-91 (D.N.J. 2012) (emphasis added) (citing *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 195 (3d Cir. 2001)). Notice may be actual, constructive, implied, or imputed. *Davis v. Corr. Med. Sys.*, 480 F. Supp. 2d 754, 761 (D. Del. 2007) (citing *Singletary*, 266 F.3d at 195). Notice, however, "must be more than notice of the event that gave rise to the cause of action" and "must be notice that the plaintiff has instituted the action." *Singletary*, 266 F.3d at 195 (citing *Bechtel v. Robinson*, 886 F.2d 644, 652 n.12 (3d Cir. 1989)).

The Third Circuit has identified two possible methods of notice — there may be others but none has been suggested here. *See Garvin v. City of Philadelphia*, 354 F.3d 215, 222-23 (3d Cir. 2003) (holding that the court in *Singletary* "recognized that there are two *possible* methods" of imputing notice under Rule 15(c) (emphasis added)) (citing *Singletary*, 266 F.3d at 196-97). First is the "shared attorney" method where "the originally named party and the parties sought to be added are represented by the same attorney. . . ." *Id.* Second is the "identity of interest" method where "the parties are so closely related in their business operations or other activities

7

that the institution of an action against one serves to provide notice of the litigation to the other." *Id.* at 223 (quoting *Singletary*, 266 F.3d at 197).

Currently, it is unclear whether C.R. England had notice of the present action. Though C.R. England did not receive formal notice of the commencement of this action, it could have received constructive notice. For example, in *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171 (3d Cir. 1977), the Third Circuit held that notice was sufficient for relation back purposes where the newly added defendant "by happenstance saw a copy of the complaint naming both the place where he worked and an 'unknown employee' as a defendant, which he knew referred to him." *Singletary*, 266 F.3d at 195 (citing *Varlack*, 550 F.2d at 195). Such circumstances may have been present here where the Jane Doe driver, another C.R. England employee, or even C.R. England's counsel learned of the litigation during the notice period. The Court cannot definitively rule at this time that C.R. England did not have actual notice during the relevant notice period and thus foreclose the possibility of relation back under Rule 15(c). Bear in mind the posture here is an unusually early summary judgment motion.

It ought to be said that C.R. England's maneuvering here discords with the interests of justice. But for the Jane Doe driver's actions and C.R. England's subsequent inaction, Mr. Walker surely would have sued C.R. England, the proper defendant, within the applicable statute of limitations and would not have named ACAM Transport. C.R. England's attempt to escape liability through the notice requirement under Rule 15(c), even with additional discovery, faces an uphill climb because the company's identity and driver were unknown to Mr. Walker. *See Esnouf v. Matty*, 635 F. Supp. 211, 213-14 (E.D. Pa. 1986) (holding that the newly added defendant-employer had constructive notice where the identity of the previously added defendant-employee's employer was unknown and where the defendant-employer "must

8

certainly have been aware of the fact that, but for plaintiff's lack of sophistication in pleading, it would have been joined as a party as soon as it was identified as [defendant-employee]'s true employer"). In any event, because it is unclear whether C.R. England had constructive notice of the instant action, it may challenge "relation back" under Rule 15(c) in a subsequent motion for summary judgment if discovery reveals a compelling basis to do so.

### III.    Conclusion

Jeffrey Walker first brought this case in the Court of Common Pleas over a year ago against ACAM Transport and a Jane Doe driver defendant. That was a mistake apparently caused by Jane Doe's decision to flee the scene and C.R. England's decision to sit on that information. When Mr. Walker learned that the Jane Doe driver was an employee of C.R. England, he promptly amended his complaint to include the company as a defendant. C.R. England now seeks to invoke the statute of limitations to avoid potential liability. There is an outside chance that discovery will back up C.R. England's theory, but we certainly will not enter summary judgment in its favor now. The motion is denied without prejudice, and an appropriate order follows.